UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:16-cr-00038-KJM-3 |
| Plaintiff, | ORDER |
| v. | |
| Brian Stone, | |
| Defendant. | |

Defendant Brian Stone, proceeding pro se, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 477. He has not shown that his health conditions and rehabilitation are "extraordinary and compelling reasons" to grant that motion, so the court **denies it without prejudice**.

**I.    BACKGROUND**

After being disbarred as an attorney, Mr. Stone participated in a multi-fire arson and insurance fraud scheme led by a codefendant in this case. Opp'n at 2, ECF No. 484. Mr. Stone was convicted of multiple counts of both mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343. *See* Verdict Form, ECF No. 273. In September 2018, he was sentenced to 72 months of imprisonment. *See* Judgment and Commitment, ECF No. 355. According to the Bureau of Prisons, Mr. Stone is eligible to be placed in a halfway house, and this placement has already happened or will happen soon. Opp'n at 6. In 2020, the then-presiding

Judge of this court denied Mr. Stone's first motion for compassionate release, *see* ECF Nos. 426, Prev. Order (June 1, 2020), ECF No. 435.

Mr. Stone again seeks compassionate release under § 3582(c)(1)(A) based on the following circumstances and allegations:[1]

(1) He is suffering from health issues relating to long COVID, including headaches, body aches, extreme fatigue, brain fog, elevated heartrate, and cramping. *See* Mot. at 2, 5. Mr. Stone has experienced these symptoms for over a year and has not received treatment for his symptoms because Federal Correctional Institution (FCI) Lompoc, where he is incarcerated, has classified him as fully recovered. *Id.* at 5.

(2) COVID-19 "has spread like wildfire" at FCI Lompoc and Mr. Stone is "at heightened risk for serious illness or death" from COVID due to his serious underlying health conditions. *Id.* These conditions include hypertension, diabetes, unspecified depressive disorder, Binswanger's Disease (a form of dementia), and residual symptoms of a stroke. *Id.* at 6.

(3) His sentence has been harsher as a result of the COVID-19 pandemic, and he has a viable release plan and support from family. *Id.* at 22. Mr. Stone's projected release date is November 12, 2022, based upon application of Good Conduct Time and First Step Act Earned Time Credits. Opp'n Ex. 1, 484-1.

The government opposes his motion based primarily on its analysis of his medical conditions. *See* Opp'n at 9–11. Mr. Stone has been fully vaccinated and boosted against COVID-19, and his medical records indicate he is being treated for several health conditions, including type 2 diabetes, hyperlipidemia, dementia, and essential (primary) hypertension. *See id.* at 2, 9, 10. The government also argues that an early release would be inappropriate given the severity and complexity of his crimes and his criminal history. *See id.* 12. Mr. Stone is in his early 60s. Prev.

---

[1] The government requested leave to file certain documents related to Mr. Stone's medical history and other personal information under seal. Not., ECF No. 485. The court granted the request to seal. Order Granting Req. to Seal, ECF No. 486.

Order (June 1, 2020) at 2. Mr. Stone has not filed a reply to the government's March 30, 2022 opposition. Thus the court considers the matter fully briefed and submits it on the papers.

## II. LEGAL STANDARD

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. The defendant must first exhaust administrative remedies. *Id.* § 3582(c)(1)(A). If a defendant has exhausted administrative remedies, as Mr. Stone has done, *see* Opp'n at 6, the analysis is twofold. First, the court must find "extraordinary and compelling reasons warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *See id.* § 3582(c)(1)(A).

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended November 1, 2018). These policy statements "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

"Although the Ninth Circuit has not expressly decided which party 'bears the burden in the context of a motion for compassionate release brought pursuant to § 3582(c) as amended by the [First Step Act], district courts to have done so,' including this court, 'agree that the burden remains with the defendant.'" *United States v. Mathews*, 557 F. Supp. 3d 1057, 1061 (E.D. Cal. 2021) (alterations in original) (quoting *United States v. Becerra*, No. 18-0080, 2021 WL 535432, at *3 (E.D. Cal. Feb. 12, 2021)).

## III. ANALYSIS

Many federal district courts, including this court, have held that defendants can demonstrate "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A)(i) if they show (1) their health conditions put them at an increased risk of severe

COVID-19 symptoms and (2) they are at risk of infection. *Id.* Risk of infection can be shown by demonstrating the facility where they reside is currently suffering from a COVID-19 outbreak or is at risk of an outbreak, for example, because it is a congregate living facility in which inmates and staff cannot consistently maintain safe physical distances. *See, e.g.*, *United States v. Terraciano*, 492 F. Supp. 3d 1082, 1085–86 (E.D. Cal. 2020).

The court's calculus shifts, however, if a defendant is vaccinated against COVID-19. *United States v. Smith*, 538 F. Supp. 3d 990, 993–1000 (E.D. Cal. May 11, 2021). If a defendant is vaccinated, as Mr. Stone is, this court has employed a rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i). *Id.* at 999. A defendant can rebut this presumption by offering evidence of an elevated personal risk of severe harm despite the protections of vaccination. *Id.*; *see also United States v. Peel*, No. 14-00192, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021). Evidence of such an elevated personal risk might include judicially noticeable information published by public health authorities, expert opinions, and scientific studies. *See Smith*, 538 F. Supp. 3d at 996–97.

When defendants offer no evidence that vaccination will not protect them against severe harm from COVID-19 and do not show the facilities where they are currently incarcerated are experiencing a surge in infections caused by a SARS-CoV-2 variant, courts deny motions more often than not. *See, e.g.*, *United States v. Andrade*, No. 17-00180, 2022 WL 172933, at *2 (E.D. Cal. Jan. 19, 2022); *see also*, *e.g. United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Decano*, No. 21-10099, 2021 WL 4922348 (9th Cir. Oct. 21, 2021) (unpublished) (affirming denial of compassionate release to fully vaccinated defendant).

Although Mr. Stone's health conditions and age likely put him at risk of severe COVID-19 if he were not vaccinated, he has not cited evidence showing he remains at risk despite his vaccination. Furthermore, nothing in his sealed medical records, ECF No. 488, corroborates the long-COVID symptoms he described experiencing in his motion. And while he alleges COVID-19 is spreading in the facility where he is housed, the Bureau of Prisons' COVID-19 webpage

indicates that zero inmates and three staff are currently infected with COVID-19 at FCI Lompoc.[2] Finally, Mr. Stone has been or soon will be released to a halfway house, where the population will be smaller and thus less conducive to the spread of COVID-19. Opp'n at 6. He has not carried his burden to show his health conditions and risk of reinfection are extraordinary and compelling circumstances.

Extraordinary and compelling reasons do not justify relief under § 3582(c)(1)(A). The court does not reach the sentencing factors in § 3553(a).

### IV.  CONCLUSION

The motion (ECF No. 477) is **denied without prejudice to renewal** with evidence of an elevated personal risk of severe harm despite the protections of vaccination.

IT IS SO ORDERED.

DATED: July 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See* https://www.bop.gov/coronavirus/index.jsp (last accessed July 1, 2022).